MEMORANDUM AND ORDER
 

 PLATT, District Judge.
 

 Defendants Richard Grossman, Richard Stuart Caterers, and Richard Stuart Kosher Caterers move under the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1998 [“PSLRA”] and the Sarbanes-Oxley Act of 2002 to dismiss the Amended Complaint of Plaintiffs Meir Babaev and Michael Arbiv. Plaintiffs sued Defendants for fraud under the Securities Exchange Act of 1934, and for State claims of breach of contract, common law fraud and negligent misrepresentation. Oral argument was heard April 2, 2004. For the following reasons, Defendants’ motion is DENIED.
 

 Background
 

 A.
 
 Factual background
 

 This case involves the proprietors of a catering service who are alleged to have fraudulently induced the proprietors of a waiter service to purchase a 10% interest in the catering business. Both businesses served religious celebrations at Jewish temples. Defendants allegedly promised Plaintiffs more frequent use of the waiter service by the catering service in exchange for Plaintiffs’ investment in Defendants’ business, as well as returns upon the investment itself.
 
 See
 
 Defendants’ Memorandum of Law in Support of their Motion to Dismiss at 2-4.
 

 Defendants allegedly told Plaintiffs that the business of the catering service was about to expand and to become “a cash cow.” However, the catering service’s business was in fact about to contract. Known to Defendants, but unbeknownst to Plaintiffs, was the fact that a large temple was severing its relationship with Defendants because the caterers allegedly served non-kosher food to the temple’s congregants. Plaintiffs now seek a return of their investment of $133,609, plus interest, as well as their costs.
 
 See id.; see also
 
 Plaintiffs’ Brief in Opposition to Defendant’s Motion to Dismiss at 2-8.
 

 B.
 
 Procedural background
 

 The events at issue took place in 2001. Plaintiffs filed their original Complaint in October 2003, and an Amended Complaint in December 2003. The Complaint states that an employee of Defendants informed Plaintiffs that Defendants “had defrauded them, in or about August/September 2001.” Complaint at ¶ 23. The Amended Complaint states that “about the first week or so of November 2001,” the same employee indicated “that he believed that all of Grossman’s representations were intentionally false and made to induce Plain
 
 *CDLI
 
 tiffs to make the required capital investment.” Amended Complaint at ¶¶ 48, 51.
 

 Discussion
 

 A.
 
 Regulations, rules and statutes
 

 Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.
 

 Section 10(b) of the Securities Exchange Act provides that it shall be unlawful for a defendant, acting with scienter, to use in connection with the sale of a security a deceptive device in contravention of the rules of the Securities and Exchange Commission, such as a false statement or the omission of a material fact.
 
 See
 
 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. The PSLRA provides that in alleging falsehoods or omissions, a complaint shall specify the falsehood or omission, why its is misleading, and state facts strongly inferring fraudulent intent.
 
 See
 
 15 U.S.C. 78u-4(b). And Sarbanes-Oxley provides that no securities fraud claim may be brought later than two years after the discovery of the violation.
 
 See
 
 28 U.S.C. § 1658(b)(2).
 

 Sections 1332 and 1367 of Title 28 of the United States Code provide that district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States, and also have supplemental jurisdiction over related claims forming part of the same controversy. District courts may decline to exercise supplemental jurisdiction over such related claims if the court dismisses the claims over which it has original jurisdiction.
 
 See
 
 28 U.S.C. §§ 1332(1), 1367(a).
 

 B.
 
 Analysis
 

 (i)
 
 The statute of limitations
 

 Sarbanes-Oxley is clear: no securities fraud claim may be brought later than two years after the discovery of the violation. Plaintiffs filed their Complaint in October 2003, and their Amended Complaint in December 2003. The question is whether the Court should consider Plaintiffs’ Complaint, alleging the discovery of the fraud in September 2001, to be a binding judicial admission that places Plaintiffs’ claims beyond the statute of limitations. Alternatively, the Court may instead consider Plaintiffs’ Amended Complaint, alleging the discovery of the fraud in November 2001, to be controlling, and through the doctrine of “relation back” to the Complaint of October 2003, bringing Plaintiffs’ claims within the statute of limitations.
 

 As a general rule, a party is bound by its judicial admissions.
 
 See In re Initial Pub. Offering Sec. Litig.,
 
 241 F.Supp.2d 281, 324 (S.D.N.Y.2003). Yet “pleadings are not binding if properly withdrawn or amended,”
 
 id.,
 
 and a “statement in a withdrawn complaint that is superseded by an amended complaint without the statement is no longer a conclusive judicial admission.”
 
 Tran v. Alphonse Hotel Corp.,
 
 281 F.3d 23, 32 (2d Cir.2002).
 

 But, in securities fraud cases, the date of actual knowledge of the fraud is crucial. Courts within this jurisdiction have found that plaintiffs’ affidavits admitting actual knowledge of frauds at dates certain may be treated as judicial admissions leading to the dismissal, under the statute of limitations, of even amended complaints that later attempt to place the knowledge of the fraud within the confínes of the relevant statute.
 
 See Ainbinder v. Kelleher,
 
 1997 WL 420279 at *4, 1997 U.S. Dist. LEXIS 10832 at *13 (S.D.N.Y. July 25, 1997);
 
 Klein v. Adams & Peck,
 
 1973 WL 367 at *2, 1973 U.S. Dist. LEXIS 14937 at *4 (S.D.N.Y. Feb. 13, 1973).
 

 In this case, Plaintiffs’ Amended Complaint does not explicitly withdraw the
 
 *CDLII
 
 statement in their original Complaint that they knew of Defendants’ alleged fraud in September 2001. Rather, Plaintiffs’ Amended Complaint instead discusses in greater detail a similar conversation with Defendants’ employee that is now, conveniently, alleged to have taken place in November 2001. The Amended Complaint seems intended to gloss over the problematic admission.
 

 The Court is reluctant to allow Plaintiffs to use their Amended Complaint as an end-run around Sarbanes-Oxley’s statute of limitations. The toothpaste of an admission of actual knowledge of fraud should not so easily be squeezed back into the tube. The Court is tempted to dismiss Plaintiffs’ suit
 
 sua sponte.
 

 However, Defendants’ Reply Memorandum of Law specifically states that “After receiving the Amended Complaint, Defendants agreed to withdraw those branches of this motion seeking dismissal on the grounds of the statute of limitations.”
 
 Id.
 
 at 1 n. 1. And defense counsel twice, at oral argument, declined the undersigned’s suggestion that the case against his client could be dismissed upon these grounds.
 

 Defendants in Rule 10(b) securities fraud cases may agree to waive their statute of limitations defenses.
 
 See ESI Montgomery Co., Inc. v. Montenay Int’l Corp.,
 
 899 F.Supp. 1061, 1066 (S.D.N.Y.1995). Such waiver by a defendant cures the relevant defect in a plaintiffs complaint. Defendants here having thus waived the protection of the statute of limitations, the Court will turn to Defendants’ remaining arguments.
 

 (ii)
 
 Federal securities fraud and related State law claims
 

 Defendants’ remaining arguments are without merit. Defendants assert,
 
 inter alia,
 
 that Plaintiffs’ Amended Complaint fails to meet the heightened pleading standards for Rule 10(b) claims set forth by the PSLRA.
 

 Securities laws prohibit the making of false statements and the omission of material facts in connection with the sale of securities.
 
 See
 
 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. Suits alleging such fraudulent practices must specify the falsehoods or omissions, why they are misleading, and state facts strongly inferring fraudulent intent.
 
 See
 
 15 U.S.C. 78u-4(b).
 

 To take the most serious of Plaintiffs’ allegations, the Amended Complaint asserts that in July 2003, Defendants’ employee informed Plaintiffs that Defendants’ business received notice from its most important customer concerning the termination, for material breach, of that temple’s contracts with Defendants. The stated grounds were that Defendants’ served non-kosher meat to that temple’s observant congregants.
 
 See id.
 
 at ¶¶ 57-59.
 

 The materiality of this omission is obvious — not only were Defendants about to lose a main source of revenue, but they could also face prosecution under New York State law. And this skeleton in Defendants’ closet made false their representations about the profitability of their business. Far from being a proverbial “cash cow,”
 
 id.
 
 at ¶ 10, Defendants’ business perhaps more closely resembled a steer being led to slaughter. The inference of fraudulent intent, in the context of a securities offering, is clear.
 

 Even under the enhanced pleading standards for Rule 10(b) claims set forth by the PSLRA, the standard for granting a motion to dismiss under Fed.R.CivP. 12(b)(6) for lack of a claim upon which relief may be granted is still high. Defendants bear the burden of showing that even if Plaintiffs’ allegations are accepted
 
 *CDLIII
 
 as true, and all reasonable inferences are drawn in Plaintiffs’ favor, Plaintiffs are still not entitled to relief.
 
 See In re: Scholastic Corp. Secs. Litig.,
 
 252 F.3d 63, 69 (2d Cir.2001) (stating that “dismissal is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations”) (internal citations and question marks omitted).
 

 Assuming the truth of the allegation that Defendants intentionally hid from Plaintiffs the fact that Defendants’ main customer was terminating its contracts with Defendants on the grounds of the breach of contract and illegal activity, and assuming that Defendants knowingly made contemporaneous misleading statements about the robust financial health of their company, Plaintiffs have pleaded a valid cause of action under Rule 10(b) and the PSLRA.
 

 Defendants’ motion to dismiss under Rule 12(b)(6) is accordingly DENIED. The Court chooses to exercise its supplementary jurisdiction over Plaintiffs’ related State law claims of breach of contract, common law fraud and negligent misrepresentation, and to allow discovery on both the federal and State claims to go forward.
 

 Conclusion
 

 For the foregoing reasons, Defendants’ motion to dismiss is DENIED.
 

 SO ORDERED.